Filed 10/4/23  P. v. Gray CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ISAAC WALTER GRAY,<br><br>    Defendant and Appellant. | F085680<br><br>(Super. Ct. No. 16CMS-3062)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Kings County.  Michael J. Reinhart, Judge.

Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Detjen, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from the trial court's December 15, 2022, order denying Gray's request for a *Franklin*[1] hearing and appointment of counsel. (Pen. Code,[2] § 2031.) The appeal is authorized by section 1237, subdivision (b).

## STATEMENT OF THE CASE

On November 8, 2017, the Kings County District Attorney filed an information charging Gray with the murder of Lazaro Gonzalez Ramirez and personal infliction of great bodily injury (§§ 187, subd. (a), 12022.7, subd. (b); count 1). The offense was alleged to be a serious felony and a violent felony (§§ 1192.7, subd. (c)(8), 667.5, subd. (c)(8)). The information also charged Gray with misdemeanor resisting an officer (§ 148, subd. (a)(1); count 2).

On July 1, 2019, Gray entered a plea of no contest to the murder charge, with an agreed upon sentence of 25 years to life and waiver of his appellate rights in exchange for the dismissal of the remaining allegations and count 2 along with the dismissal of the following cases: 16CMS-2945, 17CMS-2698, 17CMS-4175, and 17CMS-4178.

On July 30, 2019, the trial court imposed the stipulated 25-years-to-life sentence.

On November 9, 2022, Gray filed a motion for a *Franklin* hearing[3] pursuant to section 3051 and for appointment of counsel.

On December 15, 2022, Judge Michael J. Reinhart, who was also the sentencing judge, denied Gray's motion without appointing counsel. The trial court's detailed order specifically stated:

> "Unlike the defendant in *Franklin*, [Gray] had the opportunity to put information on the record for a future youth offender parole hearing.

---

[1] *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

[2] All statutory references are to the Penal Code unless otherwise stated.

[3] With respect to this request, Gray was born April 23, 1992, making him 24 years old on September 15, 2016, when he committed the offense resulting in his conviction.

2.

[Citations.] [Gray] was given sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing at his sentencing."

On February 1, 2023, Gray filed a timely notice of appeal.

## STATEMENT OF FACTS[4]

Just after midnight on September 15, 2016, Detentions Deputy Celina Lomeli was on duty in B Pod at the Kings County Jail when she received a request for assistance from Deputy Bradford. Two inmates, James Vargas and Mariano Herrada, were kicking the door to cell 50 and making a loud banging noise. They were yelling "get off him."

After Vargas and Herrada were removed, Lomeli say Gray inside the cell, facing the back wall, holding onto the top bunk, and kicking Lazaro Ramirez in the head with his right leg. Ramirez was laying motionless on the bottom bunk and not defending himself.

Lomeli asked Gray to stop numerous times. Gray eventually complied and laid face down on the ground but then got back up and resumed kicking Ramirez in the head.

Deputy Bradford ordered Gray to get down and, when he refused, Bradford fired his taser through the food hatch, striking Gray in the back. After Gray was tased, deputies opened the cell door, but when they started to cuff Gray, he resisted and was tased again. Gray was handcuffed, placed in leg restraints, and taken to the yard.

Ramirez was bleeding and his face was swollen; there was "massive amounts of blood" near his head and neck area and blood smeared on the back wall and on Ramirez's bed.

Registered nurse Kendra Swiney treated Ramirez until the ambulance arrived. Ramirez was unconscious with staggered, heavy breathing, and large cuts and a great deal of swelling on the right side of his face.

---

**4** The parties stipulated that the police reports and preliminary hearing provided the factual basis for Gray's no contest plea. The following summary is taken from those documents.

3.

Detective Kevin Smyres viewed surveillance footage of Gray and Ramirez inside the cell earlier in the evening which showed them sitting at a table at the front of the cell, conversing and eating with no apparent hostility between them.

However, just before midnight, one of the cleaning crew inmates kept looking into the cell window and pounding on the door with his fists, then intermittently kicking on the door. The inmate would go back to cleaning the floor and then kick on the door; Smyres described him as looking "frantic."

Smyres saw and photographed Ramirez the night of the attack and then at Fresno Regional Medical Center about a week later. Ramirez died on October 6, 2016.

Dr. Walter conducted an external autopsy of Ramirez and concluded the cause of death was respiratory arrest due to traumatic brain injury from blunt force trauma to the head.

## APPELLATE COURT REVIEW

Gray's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Gray was advised he could file his own brief with this court. By letter on August 14, 2023, we invited Gray to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Gray.

## DISPOSITION

The trial court's December 15, 2022, order denying Gray's request for a *Franklin* hearing and appointment of counsel is affirmed.